# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MARY VIRGINIA CAMPBELL, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-05-0872 |
| | § | |
| BRIDGESTONE (USA), INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Defendant Bridgestone/Firestone North American Tire, LLC has moved to dismiss under Rule 12(b)(b) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. (Docket Entry No. 17). Plaintiff Mary Virginia Campbell has responded.

This court's standards of review for a Rule 12(b)(b) motion are well established. The court construes the complaint in Campbell's favor and takes all well-pleaded facts as true, *Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir.2003), although conclusory allegations and legal conclusions will not prevent a motion to dismiss. *In re MasterCard Int'l Inc.*, 313 F.3d 257, 261 (5th Cir.2002). Under the Civil Rules, the purpose of a plaintiff's pleadings is to provide notice; "a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-14, 122 S.Ct. 992,

152 L.Ed.2d 1 (2002). Rule 8 generally does not require plaintiffs to plead every fact they must ultimately prove. *See id.; Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir.1999). By rejecting fact pleading in favor of notice pleading, the federal rules – subject to exceptions not present here – only require litigants to plead facts sufficient to allow their opponents to prepare a defense. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999).

Campbell's amended complaints assert claims under Texas law for design, manufacturing, and marketing defects in an automobile tire, which allegedly caused it to separate while she was driving. Texas recognizes the theory of strict tort liability based on the Restatement (Second) of Torts § 402A. *See Smith v. Aqua-Flo, Inc.*, 23 S.W.3d 473, 477 (Tex.App.-Houston [1st Dist.] 2000, writ denied). A product may be unreasonably dangerous due to a defect in the manufacturing process (manufacturing defect) or in its design (design defect), or because of the manufacturer's failure to provide adequate warnings or instructions on the product's use (marketing defect). *See Aqua-Flo, Inc.*, 23 S.W.3d at 473; *Keene Corp. v. Gardner*, 837 S.W.2d 224, 228 (Tex.App.-Dallas 1992, writ denied).

Campbell's allegations, although spare and sparse, meet the requirements of Rule 8 and Rule 12(b)(6). In challenging the lack of detail in pleading the type and manner of tire failure, Bridgestone's motion is closer to Rule 12(e) than Rule 12(b)(6). "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." FED. R. CIV. P. 12(e). "The class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small--

the pleading must be sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed." 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1376 (2d ed. 1990). A motion for more definite statement is used to provide a remedy only for an unintelligible pleading, rather than a correction for lack of detail. *See Davenport v. Rodriguez,* 147 F.Supp.2d 630, 639 (S.D. Tex. 2001).

The additional detail Bridgestone seeks is properly obtained through discovery. The motion to dismiss is denied.

SIGNED on August 10, 2005, at Houston, Texas.

_____
                    Lee H. Rosenthal
                    United States District Judge