IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

MAY   4 2006

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| MARY VIRGINIA CAMPBELL and<br>ROBERT LEONARD CAMPBELL, Jr.<br>Individually and as Next Friends of<br>ROBERT LEONARD CAMPBELL II,<br>a Minor<br><br>        Plaintiffs,<br><br>V.<br><br>BRIDGESTONE (USA), INC.,<br>BRIDGESTONE/FIRESTONE, INC.,<br>BRIDGESTONE/FIRESTONE NORTH<br>AMERICAN TIRES, L.L.C.,<br>BRIDGESTONE CORPORATION and<br>BRIDGESTONE AMERICAS<br>HOLDING, INC.,<br><br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-05-0872<br><br>JURY DEMANDED |

## FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT

On this day came on to be heard the above-styled and numbered action wherein Mary Virginia Campbell and Robert Leonard Campbell, Jr., Individually and as Next Friends of Robert Leonard Campbell, II, a Minor, are "Plaintiffs," and Bridgestone Firestone North American Tire, LLC, successor to Bridgestone/Firestone, Inc., Bridgestone/Firestone (USA), Inc., and Bridgestone Americas Holding, Inc. are the "Defendants."

1.       The named parties came in person and/or by and through their respective attorneys of record and made known to the Court that any previously made jury demands are waived, and that all matters of fact and things in controversy are submitted to the Court.   Plaintiffs and Defendants announced to the Court that they had agreed to settle and compromise all issues, claims, and causes of action now existing, or that may hereafter arise, between all Plaintiffs and

all Defendants.  Per the parties' agreement, the total amount of the settlement is confidential, the terms of which are described in a separate confidential compromise Settlement Agreement and Release ("Settlement Agreement") between the Plaintiffs and Defendants, a copy of which was tendered to the Court for in-camera review, but not filed.

2.      It is understood and agreed that Plaintiffs, in consideration for the Defendants' agreement to settle this controversy for the sums described in the Settlement Agreement, will pay, discharge, and indemnify and hold Defendants harmless for any and all outstanding unpaid hospital charges, hospital bills, medical bills, rights of reimbursement, or other bills and expenses.  It was pointed out to the Court that all parties have agreed that if this Final Judgment and Order Approving Settlement is approved by the Court, that neither Plaintiffs nor anyone claiming by, through, or under them will be able to recover anything further of or from Defendants.

3.      It appearing to the Court that a potential conflict of interest exists between the adult Plaintiffs and the minor claimant Robert Leonard Campbell, II, in the division of the proceeds of the settlement, the Court has appointed Joe Kirkham, a practicing attorney in Texas, duly licensed and in good standing with the State Bar of Texas, as *guardian ad litem* to represent the interests of Robert Leonard Campbell, II.  The *guardian ad litem* has been apprised of all matters of fact concerning this controversy and settlement thereof, and has recommended on behalf of the minor that the Court approve this settlement as described in the Settlement Agreement.

4.      The Court heard evidence concerning the reasonableness of the settlement with the Minor, including the facts of the incident, any fault of the parties, the alleged injuries and damages received by the adult Plaintiffs and/or the Minor, and all other evidence deemed by the Court necessary to make a determination of the fairness of the settlement.  The Court then

decided that the liability of the Defendants is uncertain; that the settlement is fair and in the best interests of the Minor; that the settlement encompasses all claims, demands, and causes of action of the adult Plaintiffs and/or the Minor against the Defendants, including all existing or future, actual or potential, or as yet unrecognized claims, demands, and causes of action arising from the incident giving rise to this suit.  The Court decided the settlement should be approved.  The Court now approves the settlement.

5.      Although  the specific settlement amounts are not recited in this Final Judgment due to the confidentiality agreement between the parties, the settlement amounts have been fully described to and reviewed by the Court and the *guardian ad litem* and are stated in the release and indemnity agreement executed by Plaintiffs as to the Defendants.  The Court found that the amount of monetary consideration paid by or on behalf of the Defendants to the adult Plaintiffs and the Minor, and the apportionment of that consideration among the adult Plaintiff, the Minor, and their counsel are not matters that have a probable adverse effect upon the general public health or safety, the administration of public office or the operation of government.  The terms and conditions of the respective release and indemnity agreements executed as to the Defendants, including the amounts paid to the Minor by the Future Periodic Payments are expressly approved by the Court and the *guardian ad litem* and incorporated by reference herein.

6.      Upon hearing the evidence, the Court is of the opinion that the Settlement Agreement is in the best interest of the minor claimant Robert Leonard Campbell, II, and that the terms of the Settlement Agreement is in all respects reasonable.  It is understood and agreed by the Plaintiffs that the payment of the monies described in the Settlement Agreement is in settlement of disputed claims, that Defendants have denied liability and continue to deny liability of any nature to the Plaintiffs.  It is further understood and agreed that Defendants herein by this settlement

make no admission of liability to the Plaintiffs, nor to any other person, firm, corporation, or other entity who did not assert a claim or file a lawsuit against the Defendants, but rather that Defendants make this settlement solely to purchase their peace and to avoid the vexation and expense of further litigation.

Accordingly, the Court makes the following findings and Orders:

IT IS ORDERED, ADJUDGED AND DECREED that Plaintiffs and Defendants have satisfactorily compromised and settled all of the issues involved herein.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Settlement Agreement executed by the Plaintiffs between Plaintiffs and Defendants is fair and equitable, and that the same should be and is hereby in all things approved; and the Court hereby specifically finds that the Settlement Agreement is in the best interest of the minor claimant, Robert Leonard Campbell, II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the confidential amounts as described in the Settlement Agreement are to be paid in full satisfaction of any and all claims arising from this accident which Plaintiffs have or might ever have against Defendants Bridgestone Firestone North American Tire, LLC, successor to Bridgestone/Firestone, Inc., Bridgestone/Firestone (USA), Inc., and Bridgestone Americas Holding, Inc. herein or their officers, directors, shareholders, owners, parent and subsidiary and affiliate corporations, agents, servants, and employees, and any dealer that sold the subject vehicle, new or used, and that under no legal or equitable theory may Plaintiffs hereafter recover either directly or indirectly any further sums by reason of any new suits, new theories, new or different claims, actions, cross-actions, counter-actions, or third-party actions, or other actions whatsoever; and further that this settlement and Final Judgment and Order Approving Settlement shall fully bind any different

4

personnel, personal representatives, administrators, guardians, or others representing the person or estate of any party or Plaintiff herein named.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the terms and conditions of the Settlement Agreement and Release, including the amounts paid to the minor claimant Robert Leonard Campbell, II by the Future Periodic Payments and/or in cash to Ivey & Kadlec, LLP as Trustee for the Campbell Plaintiffs, are expressly approved by the Court and the *Guardian ad Litem* and incorporated by reference herein.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that the Minor shall recover from Defendants the Future Periodic Payments made by or on behalf of the Defendants described in the respective release and indemnity agreements executed as to the Defendants.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Bridgestone Firestone North American Tire, LLC or its Assignee, Prudential Assigned Settlement Services Corporation ("Assignee"), may purchase annuity policies from The Prudential Insurance Company of America to discharge the obligation to make the Future Periodic Payments; that a qualified assignment of the obligation to make the Future Periodic Payments may be made under section 130(c) of the Internal Revenue Code, under which assignment Assignee would be the owner of the annuity policies; and that, if Defendant Bridgestone Firestone North American Tire, LLC and/or its insurer purchase the annuity policies and execute a qualified assignment of the annuity policies, then Defendant Bridgestone Firestone North American Tire, LLC and/or its insurer shall have no further obligations for the Future Periodic Payments awarded by this Judgment.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the remainder of the agreed upon confidential settlement amounts, as set forth in the Settlement Agreement, are to be paid to the Plaintiffs and their attorneys.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that no execution or other process shall ever issue against Defendants Bridgestone Firestone North American Tire, LLC, successor to Bridgestone/Firestone, Inc., Bridgestone/Firestone (USA), Inc., and Bridgestone Americas Holding, Inc. herein, and that Defendants Bridgestone Firestone North American Tire, LLC, successor to Bridgestone/Firestone, Inc., Bridgestone/Firestone (USA), Inc., and Bridgestone Americas Holding, Inc. herein are fully and finally released.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that Plaintiffs Mary Virginia Campbell and Robert Leonard Campbell, Jr., Individually and as Next Friends of Robert Leonard Campbell, II, a Minor, take nothing by reason of this lawsuit or for any and all claims filed or which could have been filed herein against Defendants Bridgestone Firestone North American Tire, LLC, successor to Bridgestone/Firestone, Inc., Bridgestone/Firestone (USA), Inc., and Bridgestone Americas Holding, Inc.; and that the Plaintiffs' claims asserted, or which could have been asserted herein, against Defendants Bridgestone Firestone North American Tire, LLC, successor to Bridgestone/Firestone, Inc., Bridgestone/Firestone (USA), Inc., and Bridgestone Americas Holding, Inc. are fully satisfied in all respects, and that no execution shall ever issue herein; and that Defendants are fully relieved and discharged from any and all liability for the incident made the basis of this lawsuit.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that costs of Court incurred herein are taxed against the party incurring same.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that a fee of $3,500.00, which is to be paid by Defendant Firestone to Joe Kirkham, the *Guardian ad Litem* for Robert Leonard Campbell, II, a Minor.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that all relief requested or which could possibly be requested by any of the parties hereto which is not herein specifically granted is denied.

SIGNED the __3r1__ day of ___May___, 2006.

_____
UNITED STATES DISTRICT JUDGE

**APPROVED AND AGREED:**

By: _____
    Joe Kirkham, Esq.
    State Bar No. 11518400
    3355 West Alabama, Suite 100
    Houston, Texas  77098
    Phone: 713-223-8811
    Fax: 713-227-3530

*GUARDIAN AD LITEM* **FOR ROBERT LEONARD CAMPBELL, II**

By: _____
    Shane R. Kadlec
    Attorney In Charge
    TSBC# 00796856
    Federal Admission #23728
    1136 North Kirkwood
    Houston, Texas 77043
    Phone:  (713) 225-0015
    Fax: (713) 225-5313

**ATTORNEY FOR PLAINTIFFS**

By: _____
    T. Christopher Trent
    State Bar No. 20209400
    R. Todd Marshall
    State Bar No. 00784528
    JOHNSON, SPALDING, DOYLE, WEST & TRENT, L.L.P.
    910 Travis, Suite 1700
    Houston, TX 77002
    Phone: 713-222-2323
    Fax: 713-222-2226

**ATTORNEYS FOR DEFENDANTS,**
**BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, L.L.C.,**
**SUCCESSOR TO BRIDGESTONE/FIRESTONE, INC., BRIDGESTONE/**
**FIRESTONE (USA), INC. AND BRIDGESTONE AMERICAS HOLDING, INC.**